UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE THOMAS,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF FRESNO, et al.,<br><br>    Defendants. | Case No.  1:22-cv-01513-ADA-EPG<br><br>ORDER APPROVING STIPULATED PROTECTIVE ORDER, IN PART<br><br>(ECF No. 10) |

    This matter is before the Court on the parties' proposed stipulated protective order. (ECF No. 10). While the parties submitted a Word version of their stipulation protective order to the Court as required by Local Rule 137(b), that stipulation contains material omissions. For example, the proposed order filed on the docket has a definitions section. (ECF No. 10, pp. 5-7). However, the Word version sent to the Court omits most of these definitions. Accordingly, the Court addresses the parties' stipulated protective order as filed on the docket. (ECF No. 10).

    Upon review of the parties' stipulated protective order (ECF No. 10), the Court finds it acceptable in most respects. However, the Court notes that the parties define the term "Protected Material/Confidential Information or Items" to mean "information (regardless of the medium or how generated, stored, or maintained) or tangible things that qualify for protection under standards developed under Federal Rule of Civil Procedure 26(c) and/or applicable federal privileges." (*Id.* at 5-6). Such a definition improperly allows the parties to deem information confidential so long as they themselves believe that it qualifies for protection under Federal Rule

of Civil Procedure 26(c) or applicable privileges and without ever disclosing the types of information at issue as required by Local Rule 141(c)(1). Accordingly, the Court limits the definition of confidential information to those categories that the parties sufficiently identify as warranting protection: "medical records, psychotherapeutic records, and autopsy photographs," "includes peace officer personnel records as defined by California Penal Code §§ 832.8, 832.5, 832.7 and the associated case law," and "personal identifying information of third party witnesses." (*Id.* at 6).

Additionally, the Court notes that "a protective order may not bind the Court or its personnel." *Rangel v. Forest River, Inc.*, No. EDCV 17-0613 JFW (SS), 2017 WL 2825922, at *2 (C.D. Cal. June 29, 2017). Thus, to the extent that the protective order conflicts with the Court's established practices or Rules, *e.g.*, such as allowing the parties to bypass the Court's informal discovery-dispute-resolution process, the Court's established practices or Rules will govern. (*See* ECF No. 10, pp. 11-12; ECF No. 9, pp. 3-4).

Accordingly, IT IS ORDERED that the parties' stipulated protective order (ECF No. 10) is approved, in part, as revised above.

IT IS SO ORDERED.

Dated:   **April 14, 2023**                    /s/ Erica P. Grosjean
                                                         UNITED STATES MAGISTRATE JUDGE

2